(No. 3610— ▇▇▇▇▇▇▇▇▇▇)

EDWIN T. BREEN, AS TRUSTEE OF THE WORTH REFINING CO., INC., AN ILLINOIS CORPORATION, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 10, 1942.*

GRANVILLE BEARDSLEY, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

ECKERT, J.

The Worth Refining Co. Inc., operates a refinery at Worth, Illinois, and there converts crude oil into gasoline, kerosene, distillate and other fuel products. From August 1, 1938, to August 31, 1940, the corporation sold 2,021,351 taxable gallons of gasoline, and collected motor fuel tax on

such sales in the sum of $60,640.53, which was remitted to the Department of Finance of the State of Illinois. The corporation incurred collection costs on such sales in the amount of $3,122.90.

Under Section 6 of an Act entitled, ''An Act in relation to a tax upon the privilege of operating motor vehicles upon the public highways, based upon the consumption of motor fuel therein, and making certain appropriations in connection therewith,'' (approved March 25, 1929) the corporation had a right to deduct from the motor fuel tax paid to the Department the actual cost of making the collection and payment, not to exceed two per cent of the amount collected. This the corporation failed to do, and claim is therefore made in the amount of $1,212.83, or two per cent of the tax collected in the amount of $60,640.53. The Worth Refining Co. Inc. being in the process of re-organization in the District Court of the United States, at Chicago, the claim is made on behalf of the corporation by Edwin T. Breen, the duly appointed, qualified, and acting trustee in the re-organization proceedings.

From the record it appears that in computing the amount claimed to be due for costs of collection, claimant failed to make allowance in several instances for taxable motor fuel used by claimant itself, either for taxable or non-taxable purposes, and which was neither sold nor distributed. After making this correction, the respondent concedes that there is due claimant for costs of collection during the period in question the sum of $1,211.28.

The Motor Fuel Tax is a privilege tax imposed upon the privilege of operating motor vehicles upon the public highways, and is based on the amount of fuel consumed in each motor vehicle. It is collected in the first instance by the distributor, and by the distributor paid over to the State. The money collected by the distributor, and paid to the State, is not the proceeds of a tax assessed against the distributor, but of a tax ultimately paid by the consumer. *Silver Fleet Motor Express, Inc.* vs. *State of Illinois,* 10 C. C. R. 396. The collection of the tax is made through the distributor who acts as the agent of the State in that behalf. *People* vs. *Kopman,* 358 Ill. 479.

The payment made by the claimant corporation was payment by a distributor as an agent of the respondent, fulfilling

certain duties imposed upon the agent by law. It is essentially different from cases of voluntary payment of an illegal or excessive tax. Under the Act, the corporation was entitled to its actual costs in making collection and payment of the tax, not to exceed two per cent of the amount so collected.

An award is therefore made in favor of the claimant in the sum of $1,211.28.