(No. 22444.— ▮▮▮▮▮▮▮▮
THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* S. W. KOPMAN, Defendant in Error.

*Opinion filed December 17, 1934.*

OTTO KERNER, Attorney General, A. H. GREENING, State's Attorney, J. J. NEIGER, THOMAS F. SMITH, and THOMAS W. HOOPES, for the People.

C. H. JENKINS, and WALTER T. DAY, for defendant in error.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

Defendant in error, S. W. Kopman, was indicted in the circuit court of Sangamon county upon a charge of embezzlement. The indictment contains twelve counts. With minor differences each count charges that S. W. Kopman and M. R. Kopman were distributors of motor fuel as co-partners under the name of Perfect Motor Fuel Company and operated their business in the city of East St. Louis, in St. Clair county; that from June 1, 1931, to January 15, 1932, S. W. Kopman, as manager of the company, sold 380,045 gallons of motor fuel and during said period collected and received three cents for each gallon of motor fuel sold, amounting to the sum of $11,401.35, being the property and money of the State of Illinois, and that on March 1, 1932, Kopman did at the county of Sangamon, in the State of Illinois, feloniously embezzle and fraudulently convert said sum to his own use. The first five counts charge that the Kopmans were licensed and bonded distributors. In each count, except the eighth and twelfth, there is an allegation as to a demand having been made upon Kopman for the payment of the tax. The twelfth count concludes with an allegation that by force of the

statute the embezzlement amounted to larceny. Upon the motion of defendant in error the circuit court quashed the indictment. The People have prosecuted a writ of error to this court to review the order quashing the indictment.

Under a limited appearance for the purpose of questioning the jurisdiction of this court because of want of personal service upon him, defendant in error has filed a motion to dismiss the writ of error and to quash service upon him by publication. The motion was taken with the case. Rule 67 of this court provides for service by publication upon non-resident defendants whenever any plaintiff in error shall file in the office of the clerk an affidavit showing the non-residence of such defendant. It appears that defendant in error is a resident of the State of Missouri. Service was had upon him in compliance with the provisions of rule 67. He contends that the suing out of a writ of error is the commencement of a new suit and requires the issuance and service of original process, and that a personal judgment or decree cannot be predicated upon constructive service by publication. Section 17 of division 13 of the Criminal Code, as amended in 1933, (Laws of 1933, p. 466,) provides: "The People may sue out writs of error to review any order or judgment quashing or setting aside an indictment or information. The defendant or defendants shall not be held in jail or to bail during the pendency of any writ of error sued out by the People." Before the amendment section 17 provided that "in no criminal case shall the People be allowed an appeal, writ of error or new trial," and an order quashing an indictment or information was not reviewable. (*People* v. *Barber,* 348 Ill. 40.) By another act (Laws of 1933, p. 490,) the legislature added section 13 to division 15 of the Criminal Code. By that section it is provided: "Except as otherwise provided in this act, proceedings for review of criminal cases and for the examination of sureties on any bond, shall be the same as in civil cases." Without this section

defendant in error's contention that rule 67 applies only in civil causes might have some foundation. The legislation in 1933 was remedial and intended to supply those defects in the law which prevented a review of an order quashing an indictment. Prior to the year 1933 the statutory provisions for service by publication upon defendants in cases brought to this court by writ of error applied only to civil matters, but from section 13 of article 15 it is apparent that the legislature intended to provide for service by publication in criminal matters as well as civil. Unless service by publication can be had upon the defendant his voluntary absence from the jurisdiction of the reviewing court would render the statute inoperative. A determination against the defendant of the issues here involved will not constitute a personal judgment against him. The sufficiency of the indictment is the vital matter of inquiry. A decision on that question has nothing to do with a determination of the guilt or innocence of the defendant. The motion is denied.

Section 2 of the Motor Fuel Tax act (Smith's Stat. 1933, chap. 120, par. 418,) provides: "A tax is hereby imposed on the privilege of operating motor vehicles upon the public highways of this State after July 31, 1929, at the rate of three cents per gallon of all motor fuel used in such motor vehicles upon such public highways." Other sections of the act define a distributor of motor fuel, provide for the licensing and bonding of distributors and for monthly returns to the Department of Finance. Section 6 of the act requires each distributor to collect from the purchaser at the time of sale three cents per gallon on all motor fuel sold, and that at the time of making his monthly return the distributor shall pay to the Department of Finance the amount so collected, less the actual cost of making the collection and payment, not to exceed two per cent of the amount collected. The statute makes the distributor the agent of the State as a collector of the tax. It comes to

his hands while he is acting in a fiduciary capacity as agent of the State for its collection. It in no sense belongs to the distributor but is the property of the State. Section 15 of the act, as amended by an act approved July 3, 1931, provides: "Whoever * * * willfully fails or refuses to make payment to the Department of Finance as provided in either section 6 or section 7, shall be punished by a fine of not to exceed $5000 or by imprisonment in the penitentiary for not less than one year nor more than five years or by both such fine and imprisonment."

The indictment was predicated upon section 74 of division 1 of the Criminal Code, (Smith's Stat. 1933, chap. 38, par. 207,) which provides: "Whoever embezzles or fraudulently converts to his own use, or secretes, with intent to embezzle or fraudulently convert to his own use, money, goods or property delivered to him, which may be the subject of larceny, or any part thereof, shall be deemed guilty of larceny." It is contended that the charge should have been brought under section 15 of the Motor Fuel Tax law and not under section 74 of the Criminal Code. The reason assigned for this contention is that section 74 applies only to situations where the money in question is delivered to the accused, as distinguished from collections by the accused in some official manner. In support of this position *Stoker* v. *People,* 114 Ill. 320, is relied on. In that case the defendant, Stoker, was a constable in Jackson county. Executions on a judgment were placed in his hands as constable, for collection. He collected $211.50, for which he gave his receipt as constable but failed to pay over the money. He was indicted under section 74 and convicted. It was claimed he should have been indicted under section 79 of the same act, which provided that if any constable or other person authorized by law to collect money shall fail or refuse to pay over any money collected by him, less his proper charges, on demand by the person entitled to receive the same or his authorized agent, he shall be fined not ex-

ceeding double the amount retained by him or confined in the county jail not exceeding one year or both, and be removed from office. It was held that his case fell directly within the terms of section 79 and not within the terms of section 74; that it was unreasonable to believe that the legislature intended a constable should be prosecuted under both sections of the statute; that under section 74 the offense consists of fraudulently converting money or property delivered to the person charged with the offense, and that the money was not delivered to Stoker within the meaning of the statute but was collected by him in his official capacity, upon executions in his hands as an officer. In the course of the opinion it was said: "If the defendant, under the executions, had levied upon property and sold and converted it into money, as a constable is required to do under the statute, it would not, under such a state of facts, be correct to say money had been delivered to him, but, on the other hand, the proceeds of the sale would be money collected by him. Nor can the fact that the money was collected without a levy upon property make any difference." The opinion seems to be grounded upon a theory that where money is collected by an officer through the force of an execution it is not delivered to him. But no such question is presented in this case. The tax was delivered into the hands of the defendant as an agent of the State. He had no writ of execution. He could make no levy or sale of property to satisfy the tax. The money was "delivered" to him in the sense that word is used in section 74 of the Criminal Code.

The next contention of defendant in error is that the indictment was properly quashed, for the reason that the legislature, in passing the Motor Fuel Tax act, by the specification of particular penalties and modes of procedure for violation of the act, intended that such penalties and modes of procedure should be exclusive. There is a wide difference between the charge of a failure and refusal to pay over to

the Department of Finance the tax collected under the act and a charge of embezzlement, which consists of the fraudulent conversion of money or property by a defendant to his own use. The purpose of section 15 was to compel the prompt payment of the tax money to the State and to provide a penalty for failure to do so. The elements of fraudulent conversion and felonious intent are not essential to a prosecution under it. A party may be found guilty under that section for mere refusal to pay over the tax money, whether he converted it to his own use or not. But those elements are essential under section 74.

The remaining contention of defendant in error is that an offense committed against the provisions of the Motor Fuel Tax act is a misdemeanor; that an indictment therefor must be returned within eighteen months thereafter, and that it was not done in this case. Inasmuch as the indictment was not brought under that act the contention cannot be sustained.

Defendant in error insists that the venue is wrongfully laid in Sangamon county instead of in St. Clair county, where it is charged the offense was committed. It is well settled that in an indictment for embezzlement, consisting of failure to account, the venue is properly laid in the county where the accused was under obligation to account. (*People* v. *Allen*, 352 Ill. 262; *People* v. *Davis*, 269 id. 256.) The statute (Smith's Stat. 1933, chap. 127, sec. 17,) requires the Department of Finance to have its central office in the capitol building, in Springfield. That is where the defendant was obligated to account. Therefore the venue was correctly laid in Sangamon county.

The judgment of the circuit court is reversed and the cause is remanded, with directions to overrule the motion to quash the indictment.

*Reversed and remanded, with directions.*