(No. 36787.—

CHUCK THIEL AUTO SALES, INC., Appellee, *vs.* THEODORE J. ISAACS, Director of Revenue, Appellant.

*Opinion filed March 23, 1962.*

WILLIAM G. CLARK, Attorney General, of Springfield, (WILLIAM C. WINES, RAYMOND S. SARNOW, A. ZOLA and AUBREY KAPLAN, Assistant Attorneys General, of counsel,) for appellant.

MILLER, THOMAS, HICKEY & COLLINS, of Rockford, (EDWIN T. POWERS, JR., of counsel,) for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

The appellee filed a claim with the Department of Revenue for credit for municipal retailers' occupation taxes which had allegedly been paid in error. The Department denied the claim and appellee instituted an action in the circuit court of Winnebago County under the Administrative Review Act to review the Department's order. The

court reversed the order of the Department and held that appellee was entitled to a cash refund in the amount of $4,398.29. The Director of the Department of Revenue has appealed to this court.

The undisputed evidence at the hearing showed that appellee paid the municipal tax on the assumption that its place of business was located in the city of Rockford, whereas in fact, its place of business was not within the city limits. It is therefore clear that the appellee was not liable for the tax. The question in the case, however, is whether appellee brought itself within the terms of section 6 of the Retailers' Occupation Tax Act which provides for claims for credit for taxes paid in error. The section provides as follows:

"If it shall appear, after claim therefor filed with the Department, that an amount of tax or penalty has been paid which was not due under the provisions of this Act, whether as the result of a mistake of fact or an error of law, except as hereinafter provided, then the Department shall issue a credit memorandum to the person who made the erroneous payment * * * provided further that no credit shall be allowed for any amount paid by or collected from any claimant unless it shall appear (a) that the claimant bore the burden of such amount and has not been relieved thereof nor reimbursed therefor and has not shifted such burden directly or indirectly through inclusion of such amount in the price of the tangible personal property sold by him or in any manner whatsoever; and that no understanding or agreement, written or oral, exists whereby he or his legal representative may be relieved of the burden of such amount, be reimbursed therefor or may shift the burden thereof; or (b) that he or his legal representative has repaid unconditionally such amount to his vendee (1) who bore the burden thereof and has not shifted such burden directly or indirectly, in any manner whatsoever; (2) who, if he has shifted such burden, has repaid unconditionally such amount to his own vendee; and (3) who is not en-

titled to receive any reimbursement therefore from any other source than from his vendor, nor to be relieved of such burden in any manner whatsoever; * * *." Ill. Rev. Stat. 1959, chap. 120, par. 445.

This provision of the Retailers' Occupation Tax Act has been incorporated by reference into the Municipal Retailers' Occupation Tax Act. Ill. Rev. Stat. 1959, chap. 24, par. 23—111.

The effect of this section is to deny credit to a party who has erroneously paid taxes, unless such party can show either of two circumstances: first, that he bore the tax burden himself; or, second, that he has unconditionally repaid to his vendees any taxes collected from them. In this case, the evidence showed that appellee added the amount of the tax to the price of the automobiles sold by it, thus passing the burden of the tax on to its vendees. At the hearing before the Department, the attorney for the appellee stated that he was authorized on behalf of the taxpayer to offer, in the event a refund was granted, to return the taxes to appellee's vendees. It thus clearly appears from the record that appellee did not bear the burden of the tax itself, and also that appellee had not unconditionally refunded the amount of these taxes to its vendees. Under the plain language of the statute, the appellee was therefore not entitled to credit for the taxes erroneously paid.

The cases cited by appellee in which the taxpayer obtained a refund without coming within the proviso of section 6 are clearly inapplicable. *People ex rel. Herlihy Mid-Continent Co.* v. *Nudelman,* 370 Ill. 237; *People ex rel. Blome* v. *Nudelman,* 373 Ill. 220; *People ex rel. Swartchild & Co.* v. *Carter,* 376 Ill. 590; and *People ex rel. Adams* v. *McKibben,* 377 Ill. 22, all involved proceedings commenced prior to the 1941 amendment to the Revenue Act adding the last proviso to section 6. *Harrison Sheet Steel Co.* v. *Lyons,* 15 Ill.2d 532, dealt with the disposition of a refund of a tax paid under protest, wherein the taxpayer obtained

an injunction against the transfer of the tax, rather than by following the administrative procedure established by section 6.

None of these cases justify the granting of a credit or refund under the present section 6. *Svithoid Singing Club v. McKibbin,* 384 Ill. 493.

The decision of the Department denying credit was correct and the circuit court erred in reversing the Department's order. The judgment of the circuit court of Winnebago County is therefore reversed, and the order of the Department of Revenue is confirmed.

> *Judgment reversed;*
> *Order of Department confirmed.*