(No. 44451.—

DICK'S VENDING SERVICE, INC., Appellant, v. THE DEPARTMENT OF REVENUE, Appellee.

*Opinion filed Oct. 2, 1972.—Rehearing denied Jan. 26, 1973.*

DAVIS, SCHAEFER, and GOLDENHERSH, JJ., dissenting.

WALSH & FIELDING, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield (FRANCIS T. CROWE, DONALD S. CARNOW and CALVIN C. CAMPBELL, Assistant Attorneys General, of counsel), for appellee.

MR. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Plaintiff, Dick's Vending Service, Inc., an Illinois retailer of cigarettes, appeals from the order of the Kane County circuit court affirming the Illinois Department of Revenue's denial of plaintiff's claims for credit (Ill.Rev. Stat. 1969, ch. 120, par. 445) for alleged overpayment of retailers' occupation taxes (Illinois Retailers' Occupation Tax Act, Ill.Rev.Stat. 1969, ch. 120, par. 440 *et seq.;* County Retailers' Occupation Tax Act, Ill.Rev.Stat. 1969, ch. 34, par. 409.1; Municipal Retailers' Occupation Tax Act, Ill.Rev.Stat. 1969, ch. 24, par. 8–11–1) for the period of July, 1966, through November, 1969.

Plaintiff sells various products including cigarettes at retail through vending machines, and, as a retailer, is subject to retailers' occupation taxes. As a retailer of cigarettes Dick's Vending Service is subject to the Illinois Cigarette Tax Act. Ill.Rev.Stat. 1969, ch. 120, par. 453.1 *et seq.*

During the period for which claim is made, the Illinois Department of Revenue in Rule 52 of its Retailers' Occupation Tax Rules and Regulations prescribed in part that "[i]n computing retailers' occupation tax liability, \*\*\* no amounts may be deducted to cover taxes paid by distributors of cigarettes under the Cigarette Tax Act, even though the person who is paying the retailers' occupation tax may happen also to be \*\*\* the distributor of the cigarettes which are sold at retail \*\*\*". Plaintiff's claims for credit for the overpayment of retailers' occupation tax arise from the fact that it followed the requirements of this allegedly erroneous rule. It argues that inasmuch as the Illinois cigarette use tax is a tax upon the consumer, that portion of the sales receipts attributable to the collection of the cigarette use tax should not be included within the plaintiff's gross receipts which are subject to the retailers' occupation tax. In our judgment the plaintiff is correct.

As we have stated before: "The Retailers' Occupation Tax Act imposes a tax upon persons engaged in the business of selling tangible personal property at retail, measured by 'the gross receipts from such sales of tangible personal property' (Ill.Rev.Stat. 1969, ch. 120, par. 441), which are defined to mean 'the total selling price or the amount of such sales.' (Ill.Rev.Stat. 1969, ch. 120, par. 440.) 'Selling price' or the 'amount of sale' is defined as the consideration for a sale valued in money whether received in money or otherwise. Ill.Rev.Stat. 1969, ch. 120, par. 440." *American Oil Co. v. Mahin, 49 Ill.2d 199, 203.*

The Illinois Cigarette Use Tax Act (Ill.Rev.Stat. 1969, ch. 120, par. 453.31 *et seq.*) imposes a tax on the privilege

of using cigarettes in Illinois regardless of where such cigarettes are acquired; the Act provides that the legal incidence of the tax is upon the consumer-user and that the cigarette distributor merely collects this tax for the State by adding the amount of the tax to the price of the cigarettes sold. Section 453.33 of the Act reads in part as follows:

> "The tax hereby imposed shall be collected by a distributor maintaining a place of business in this State or a distributor authorized by the Department pursuant to Section 7 hereof to collect said tax, and the amount of the tax shall be added to the price of the cigarettes sold by such distributor.
>
> * * *
>
> ***All taxes upon cigarettes under this Act are declared to be a direct tax upon the retail consumer and shall conclusively be presumed to be pre-collected for the purpose of convenience and facility only.
>
> * * *
>
> The tax hereby imposed and not paid pursuant to this Section shall be paid to the Department directly by any person using such cigarettes within this State ***."

And this court in interpreting the Act has held "*** that the legal and economic burden of the cigarette use tax is laid upon all Illinois *users* ***." (Emphasis added.) *Johnson v. Halpin, 413 Ill. 257, 272.*

Notably in *American Oil Co. v. Mahin* we held that the Illinois motor fuel tax (Ill.Rev.Stat. 1969, ch. 120, par. 417 *et seq.*) is a tax on the privilege of operating motor vehicles on public highways and waterways based on the consumption of motor fuel, that the legal incidence of the motor fuel tax is on the consumer of the motor fuel and not on the retailer or distributor, that the retailer or distributor acts only as a collection agent for the State and thus that portion of the receipts attributable to the collection of the motor fuel tax is not "consideration" received by the retailer for the sale of the fuel. Accordingly, we held that the longstanding Department of Revenue Retailers' Occupation Tax Rule 52, which had

provided that in computing retailers' occupation tax liability "persons who sell motor fuel for use or consumption may deduct the Illinois motor fuel tax collected with respect to such sales, because the Illinois motor fuel tax is on the consumer and is not considered to be a part of the 'selling price' of the motor fuel," to have been the correct interpretation of the statutes involved.

We regard that reasoning as controlling here and conclude that the portion of the gross receipts representing the collection of Illinois cigarette use tax is not "consideration" received by the retailer for the sale of the cigarettes, and therefore is not a part of the "gross receipts" under the Retailers' Occupation Tax Act (Ill.Rev.Stat. 1969, ch. 120, par. 440). Accordingly, it is not to be included in the base upon which the retailer's occupation tax is computed.

The State notes that the plaintiff as a cigarette retailer is directly subject to Illinois cigarette tax and that the Illinois Cigarette Use Tax Act provides: " *** a distributor need not remit to the Department the tax so collected by him from purchasers under this Act to the extent to which such distributor is required to remit the tax imposed by the Cigarette Tax Act to the Department with respect to the same cigarettes" (Ill.Rev.Stat. 1969, ch. 120, par. 453.33); that plaintiff therefore need not remit to the State Illinois cigarette use tax collected by it from purchasers to the extent that plaintiff is required to remit to the State the tax imposed upon it with respect to the same cigarettes by the Illinois cigarette tax. From this the State argues that the tax collected from the consumer by a retailer such as plaintiff who is subject to the Illinois Cigarette Tax Act is in fact not the Illinois cigarette use tax but the Illinois cigarette tax imposed on the retailer and that it is merely the economic burden of the Illinois cigarette tax which is being passed along to the consumer. We cannot agree, for this argument is predicated on the erroneous premise that users of cigarettes which are purchased from Illinois retailers are not subject to the

Cigarette Use Tax Act but merely bear the economic burden of the Illinois cigarette tax—the cigarette retailers' privilege tax. The Cigarette Use Tax Act expressly declares (Ill.Rev.Stat. 1969, ch. 120, par. 453.33) and this court has clearly held otherwise, and necessarily so, to avoid constitutional infirmities which would exist if the Cigarette Use Tax Act applied only to out-of-state purchases. In *Johnson v. Halpin, 413 Ill. 257, 271,* this court stated: "Plaintiff's contention that the cigarette use tax lacks uniformity is untenable, inasmuch as the statute taxes all users of cigarettes in Illinois in the same amount irrespective of where such cigarettes were purchased. The statute does not tax only those users who buy their cigarettes out of the State."

Thus, in our judgment, the Department of Revenue improperly denied plaintiff's claim for credit for that amount of retailers' occupation tax which was computed on the Illinois cigarette use tax.

Accordingly, the judgment of the circuit court of Kane County is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*

MR. JUSTICE DAVIS, with whom MR. JUSTICE SCHAEFER and MR. JUSTICE GOLDENHERSH join, dissenting:

Mr. Justice Schaefer, Mr. Justice Goldenhersh and I do not agree with the basic concepts or the holding of the majority opinion and would affirm the judgment of the circuit court of Kane County which affirmed the Illinois Department of Revenue's denial of the plaintiff's claim for credit (Ill. Rev. Stat. 1969, ch. 120, par. 445) for an alleged overpayment of retailers' occupation taxes.

The majority here has held that the legal and economic burden of the cigarette use tax is laid upon all Illinois users of cigarettes; that the retailer or distributor acts only as a collection agent for the State; and that the

portion of the gross receipts representing the collection of the Illinois cigarette use tax is not "consideration" received by the retailer for the sale of cigarettes, and, therefore, is not a part of the "gross receipts" under the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1969, ch. 120, par. 440), and "Accordingly, it is not to be included in the base upon which the retailers' occupation tax is computed." Under this rationale, the majority decided that the portion of the sales receipts attributable to the collection of the cigarette use tax were not to be included in the plaintiff's gross receipts which are subject to the retailers' occupation tax, and that the plaintiff's claim for refund should have been allowed.

It is our opinion that since the plaintiff in the case at bar is a retailer, not a user, the Cigarette Tax Act (Ill. Rev. Stat. 1969, ch. 120, par. 453.1 *et seq.*) and not the Cigarette Use Tax Act (Ill. Rev. Stat. 1969, ch. 120, par. 453.31 *et seq.*) is applicable.

In *Johnson v. Halpin (1952), 413 Ill. 257,* cited by the majority, the plaintiff, an Illinois resident, purchased by mail for her own use three cartons of cigarettes from a mail order vendor in Hammond, Indiana. The cigarettes were received and used by the plaintiff without the Illinois cigarette tax stamp being affixed thereto. The plaintiff thereupon instituted a class action for a declaratory judgment that the Cigarette Use Tax Act was unconstitutional, and for other relief. The lower court held that the Act was unconstitutional and upon appeal this court reversed the judgment of the lower court. Thus, *Johnson v. Halpin* pertained to a user of cigarettes who should have paid the use tax, and did not involve a retailer upon whom the cigarette tax is imposed, as in the case at bar.

In *Mutual Tobacco Co. v. Halpin (1953), 414 Ill. 226,* a cigarette distributor paid taxes incurred under the Cigarette Tax Act under protest, filed complaint in the superior court of Cook County wherein it was alleged that the Act was unconstitutional, and sought a temporary

injunction to restrain the enforcement of the Cigarette Tax Act and to enjoin the State Treasurer from paying the protested payments into the general fund. In view of its decision in *Johnson v. Halpin,* and for other reasons stated in its opinion, this court there held that the Cigarette Tax Act was not invalid as lacking in uniformity and also held that the distributor was a proper party to maintain the action. At pages 229, 231 and 232, the court stated:

"* * * Section 2 of the act imposes the tax upon any person engaged in business as a distributor of cigarettes in this State. The tax is a burden on plaintiff as a distributor and plaintiff must pay it. Plaintiff is obligated to pay it whether it has a profit or not. The purchaser neither guarantees the tax nor in the event of plaintiff's loss would the purchaser be obligated or expected to pay more. The tax is not charged as a separate item but, of necessity, is included along with other costs in arriving at the sales price. The fact that it was considered in arriving at the sales price does not make it any less a burden to the distributor. The title of the act shows that it deals with persons engaged in the business of selling cigarettes. The theory of the entire act is that it imposes a reasonable tax burden upon a certain class of business for the privilege of engaging in that business. The tax is an occupation tax. *Johnson v. Daley, 403 Ill. 338.*

\* \* \*

The Illinois Cigarette Tax Act passed in 1941 is entitled 'An Act in relation to a tax upon persons engaged in the business of selling cigarettes, and providing for collection of such tax and penalties for violations of the Act.' An amendment raised the tax from 1 mill to 1½ mills per cigarette after January 1, 1947. Other amendments and changes are not pertinent to the issues

here. For purposes of this case it is enough to state that the statute imposes the tax on persons engaged in business as distributors of cigarettes in this state. It is an occupation tax and does not apply to cigars or other tobaccos."

Section 2 of the Cigarette Tax Act (Ill. Rev. Stat. 1969, ch. 120, par. 453.2) provides in pertinent part that:

"2.(a) A tax is imposed upon any person engaged in business as a *retailer* of cigarettes in this State at the rate of 4 mills per cigarette sold, or otherwise disposed of in the course of such business in this State.

\* \* \*

The *impact* of the tax levied by this Act is imposed upon the *retailer* and shall be prepaid or pre-collected by the distributor for the purpose of convenience and facility only, and the amount of the tax shall be *added* to the price of the cigarettes sold by such distributor. Collection of the tax shall be evidenced by a stamp or stamps affixed to each original package of cigarettes, as hereinafter provided.

\* \* \*

(c) The taxes herein imposed are in addition to all other occupation or privilege taxes imposed by the State of Illinois, or by any political subdivision thereof, or by any municipal corporation." (Emphasis ours.)

The overall plan or device of taxation imposed by the cigarette tax enactments—the Cigarette Tax Act (Ill. Rev. Stat. 1969, ch. 120, par. 453.1 *et seq.*) and the Cigarette Use Tax Act (Ill. Rev. Stat. 1969, ch. 120, par. 453.31 *et seq.*)—is the same as that enacted under the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1969, ch. 120, par. 440 *et seq.*) and the Use Tax Act (Ill. Rev. Stat. 1969, ch. 120, par. 439.1 *et seq.*). The Retailers' Occupation Tax Act imposes a tax upon persons engaged in the business of selling tangible personal property to purchasers for use and consumption, and the Use Tax Act imposes a tax upon the privilege of using such property in this State. The Cigarette Tax Act imposes a tax upon persons engaged in the business of selling cigarettes, and the Cigarette Use Tax Act imposes a tax upon the privilege of using cigarettes in this State. In fact, the language used in the Retailers'

Occupation Tax Act is substantially that used in the Cigarette Tax Act, and that of the Cigarette Use Tax Act (par. 453.33) follows almost verbatim the language of the Use Tax Act.

In *Turner v. Wright (1957), 11 Ill.2d 161,* this court upheld the constitutionality of the Use Tax Act and in so doing held that its purpose was to prevent the evasion of the retailers' occupation tax when retail purchases are made outside the State; that the retailers' occupation tax and the use tax were not identical taxes; and that the use tax complemented the retailers' occupation tax. At page 167 the court stated:

> "The statute provides for a use tax that falls alike on those who purchase at retail within the State and those who purchase outside of it. That tax is to be collected by the Illinois retailer, but to the extent that he remits the tax due under the Retailers' Occupation Tax Act he is not required to remit the tax due under the Use Tax Act. The tacit assumption of the statute is that by this mechanism the tax advantage that was enjoyed by the buyer who purchased outside the State will be eliminated, without increasing the burden upon the buyer who purchases within the State. The accuracy of that assumption is not challenged."

We believe that it was the intent of the legislature that the Cigarette Use Tax Act would complement the Cigarette Tax Act for the salutary purposes above enumerated with reference to the Use Tax Act and the Retailers' Occupation Tax Act.

In *Johnson v. Halpin (1952), 413 Ill. 257,* this court considered the complementary nature of the cigarette use tax and at pages 261 and 262 stated:

> "In determining the constitutionality of the Illinois Cigarette Use Tax Act, it is essential initially to review its salient provisions. The act is entitled: 'An Act in relation to a tax upon the privilege of using cigarettes in this State.' It

provides for a tax on the privilege of using cigarettes in Illinois at the rate of one and one-half mills per cigarette, or three cents per package, or thirty cents per carton. Illinois distributors who are subject to the State's jurisdiction are required to collect the cigarette use tax by adding it to the price of the cigarettes (Ill. Rev. Stat. 1951, chap. 120, par. 453.33), and Illinois users who acquire cigarettes in tax free channels, in or out of Illinois, must remit the use tax directly to the Illinois Department of Revenue with a duplicate invoice. Ill. Rev. Stat. 1951, chap. 120, par. 453.42.

There are, in addition, certain offset provisions applicable to Illinois distributors in their capacity as tax collectors of the use tax. The purchase of stamps from the State is the means by which distributors remit cigarette taxes, and under the offset provisions the Illinois distributor is excused from purchasing and affixing a use tax stamp where he is required by the Illinois Cigarette Tax Act to affix a tax stamp in the like amount to the same cigarettes. The effect of this provision in operation is that a distributor liable for the Illinois cigarette tax with respect to a given sale is not required to pay over to the State the use tax which he is obligated to collect from the consumer, but may keep the use tax only to the extent of a like amount of tax which he must pay on the same cigarettes under the Cigarette Tax Act."

Section 8 of the Use Tax Act (Ill. Rev. Stat. 1969, ch. 120, par. 439.8) provides:

"The tax herein required to be collected by any retailer pursuant to this Act, and any such tax collected by any retailer shall constitute a debt owed by the retailer to this State, except when such retailer is relieved of the duty of remitting such tax to the Department by virtue of his being required to pay, and is in fact paying, the tax

imposed by the 'Retailers' Occupation Tax Act' upon his gross receipts from the same transaction."

It is not a fortuitous circumstance that section 3 of the Cigarette Use Tax Act (Ill. Rev. Stat. 1969, ch. 120, par. 453.33) provides in pertinent part:

"The tax hereby imposed shall be collected by a distributor maintaining a place of business in this State *** and the amount of the tax shall be added to the price of the cigarettes sold by such distributor.

\* \* \*

Cigarette manufacturers who are distributors under this Act *** shall be required to remit the tax which they are required to collect under this Act to the Department by remitting the amount thereof to the Department by the 5th day of each month, *** but a distributor need not remit to the Department the tax so collected by him from purchasers under this Act to the extent to which such distributor is required to remit the tax imposed by the Cigarette Tax Act to the Department with respect to the same cigarettes."

Thus, section 3 of the Cigarette Use Tax Act in no way excuses the retailer from the obligation imposed by section 2 of the Cigarette Tax Act (Ill. Rev. Stat. 1969, ch. 120, par. 453.2) which was heretofore quoted.

We agree with the majority that the Illinois user of a cigarette, purchased within or outside the State, is subject to the provisions of the Cigarette Use Tax Act, but such user is subject thereto in precisely the same manner and for the same purpose that any Illinois purchaser at retail, either within or outside the State, is subject to the provisions of the Use Tax Act. The tax imposed on the retailer under the Retailers' Occupation Tax Act and under the Cigarette Tax Act is complemented by that provided for in the Use Tax Act and the Cigarette Use Tax Act for the salutary purpose of preventing the evasion of such taxes by making retail purchases outside of the State or in other tax-free channels.

In the case at bar the taxpayer was a distributor-retailer and consequently the Cigarette Tax Act was applicable. Section 3 of the Cigarette Use Tax Act was

enacted to impose an identical tax in amount upon Illinois users who acquire cigarettes from outside the State (Ill. Rev. Stat. 1969, ch. 120, par. 453.33) or in tax-free channels in or outside of Illinois. (*Johnson v. Halpin (1952), 413 Ill. 257.*) Purchasers under such situation are governed by section 3, which in pertinent part provides:

> "The tax hereby imposed and not paid pursuant to this Section shall be paid to the Department directly by any person using such cigarettes within this State ***."
> Ill. Rev. Stat. 1969, ch. 120, par. 453.33.

Such was not the circumstance in the case at bar.

The obligation to pay the cigarette tax is imposed under the provisions of section 2 of the Cigarette Tax Act, which provides that it shall be collected by the retailer and that the amount of the tax shall be added to the price of the cigarettes sold by such retailer. (Ill. Rev. Stat. 1969, ch. 120, par. 453.2.) Such view is sustained by the recitation of the historical development of the Cigarette Tax Act set forth in *Johnson v. Halpin (1952), 413 Ill. 257.*

The opinion of the majority, without so stating, in effect either overrules *Mutual Tobacco Co.,* which sustained the Cigarette Tax Act, or, in the alternative, holds that the Cigarette Use Tax Act supersedes the Cigarette Tax Act. We, in dissent, cannot agree to either of these results.

Under the Cigarette Tax Act, the tax is not levied upon the consumer, but rather is imposed on the retailer of cigarettes. Thus, as to the plaintiff retailer in the case at bar, the cigarette tax constituted part of the sales price of the cigarettes, and as such retailer, the plaintiff was not entitled to deduct from his gross receipts, subject to the retailers' occupation tax, that portion of the amount of taxes paid under the Cigarette Tax Act. Consequently, the claim for credit should have been denied.

Apart from the reasons heretofore set forth, we do not believe that the plaintiff is entitled to a refund. It is a retailer, and its sales of cigarettes are taxable under section 2 of the Cigarette Tax Act, which imposes the tax on the

added to the price of cigarettes sold by such retailer. Thus, the plaintiff did not pay the tax under section 2, but retailer and provides that the amount of the tax shall be rather passed it on to the consumer, and it has failed to meet the requirement of section 6 of the Retailers' Occupation Tax Act (Ill. Rev. Stat. 1969, ch. 120, par. 445), which provides, among other things:

> "No credit may be allowed for any amount paid by or collected from any claimant unless it appears (a) that the claimant bore the burden of such amount and has not been relieved thereof nor reimbursed therefor and has not shifted such burden directly or indirectly through inclusion of such amount in the price of the tangible personal property sold by him or in any manner whatsoever; and that no understanding or agreement, written or oral, exists whereby he or his legal representative may be relieved of the burden of such amount, be reimbursed therefor or may shift the burden thereof; or (b) that he or his legal representative has repaid unconditionally such amount to his vendee (1) who bore the burden thereof and has not shifted such burden directly or indirectly, in any manner whatsoever; (2) who, if he has shifted such burden, has repaid unconditionally such amount to his own vendee; and (3) who is not entitled to receive any reimbursement therefor from any other source than from his vendor, nor to be relieved of such burden in any manner whatsoever. No credit may be allowed for any amount paid by or collected from any claimant unless it appears that the claimant has unconditionally repaid, to the purchaser, any amount collected from the purchaser and retained by the claimant with respect to the same transaction under the 'Use Tax Act'."

For this additional reason, the plaintiff's claim for refund should not be allowed since it has failed to comply with the foregoing requirements. The plaintiff did not bear the burden of the amount of its claimed refund.

The majority opinion did not consider this deficiency in the plaintiff's claim for refund in that it followed the reasoning of *American Oil Co. v. Mahin (1971), 49 Ill.2d 199,* and held that the cirgarette use tax may not be considered a part of the sale price of the cigarettes and

cannot be included in the base upon which the retailers' occupation tax is computed.

We find the rationale of *American Oil* inapplicable here. In *American Oil* the tax which was excluded from such base was the motor fuel tax, a noncomplementary tax. In the case at bar, the tax sought to be excluded from such base under the theory of the majority is the cigarette use tax, which is complementary to the cigarette tax which was imposed on the plaintiff, a retailer-distributor.