W. F. MONROE CIGAR CO., Plaintiff-Appellant, *v.* THE DEPARTMENT OF REVENUE, Defendant-Appellee.

First District (4th Division)   No. 76-758

Opinion filed June 16, 1977.

Howard R. Slater, of Chicago, for appellant.

William J. Scott, Attorney General, of Chicago (Gregory G. Lawton, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE ROMITI delivered the opinion of the court:

This is another action arising out of the Illinois Supreme Court's opinion in *Dick's Vending Service, Inc. v. Department of Revenue* (1972), 53 Ill. 2d 375, 293 N.E.2d 129. In that case, the Supreme Court held that the State cigarette use tax is not to be included in computing the retailers' occupation tax. The plaintiff in this case filed a claim for credit for the amount of the taxes it had overpaid since it had included the cigarette use tax in its gross receipts. The Department of Revenue denied the claim

because the evidence did not show that the retailer had either (1) borne the burden of the tax and not passed it on to the purchaser or (2) repaid unconditionally such amount to the purchaser as required by section 6 of the Illinois Retailers' Occupation Act (Ill. Rev. Stat. 1975, ch. 120, par. 445). The circuit court of Cook County affirmed the decision of the Department of Revenue. Plaintiff appeals from that judgment.

We affirm.

■■■ It is well-established law in Illinois that a taxpayer's right to a refund or credit can arise solely from statute, and that taxes voluntarily paid, and not under duress, cannot be recovered by the taxpayer in the absence of any statute providing for a credit or refund (*People ex rel. Eitel v. Lindheimer* (1939), 371 Ill. 367, 21 N.E.2d 318; *Scoa Industries, Inc. v. Howlett* (1975), 33 Ill. App. 3d 90, 337 N.E.2d 305.) This is true even if the taxing statute itself is unconstitutional. (*S.A.S. Co. v. Kucharski* (1972), 53 Ill. 2d 139, 290 N.E.2d 224.) It is also clear that the only statute allowing recovery or credit for an overpayment of sales or use taxes only permits such recovery where the taxpayer himself has borne the burden of the tax, either originally or by reason of an unconditional repayment. (Ill. Rev. Stat. 1975, ch. 120, par. 445.) Thus, if the taxpayer making the claim has passed the tax on to the customer by adding it to the purchase price, he is not entitled to credit although the taxes were paid in error. *Chuck Thiel Auto Sales, Inc. v. Isaacs* (1962), 24 Ill. 2d 302, 181 N.E.2d 149.

The plaintiff, however, argues, in effect, that since the majority opinion of the supreme court in *Dick's Vending* never discussed the necessity of proving that the statutory requirements were met, it impliedly ruled that in this situation the plaintiff, although voluntarily overpaying the tax, can recover although no statute authorized the recovery. This is doubtful since not less than two months after the opinion was handed down in *Dick's Vending*, and before rehearing was denied in that case, the supreme court in *S.A.S. Co.* reiterated the long-standing rule that there could be no recovery absent a statute authorizing such recovery, and refused to allow the plaintiff to recover certain real estate taxes. But any lingering doubt as to the import of *Dick's Vending* and its effect on the well established rules in situations such as those in the case at bar was recently laid to rest by the Illinois Supreme Court in *Adams v. Jewel Companies, Inc.* (1976), 63 Ill. 2d 336, 348 N.E.2d 161, when it repeated the rule that the cigarette dealers in that case lacked standing since they had not "borne the tax burden which is necessary in order to seek a refund from the Department."

■■ The plaintiff also contends that the Department erred in determining that it had passed the tax on to his customers. However, on cross-examination the plaintiff's president testified that the price at which the cigarettes were sold by him had included not only initial cost, the

mark up and the State cigarette tax, but also the retailers' occupation tax, and that the latter was charged on the total price including the cigarette tax. He agreed that if he was given a credit, he would be receiving money from the department which he did in fact collect from his customers. He also stated that he had not refunded the extra amount to any customer. The rule is clear that the findings of the Department of Revenue on questions of fact are *prima facie* correct and are not to be disturbed on review unless manifestly against the weight of the evidence. (*Marion Power Shovel Co. v. Department of Revenue* (1969), 42 Ill. 2d 13, 244 N.E.2d 598; *Quincy Trading Post, Inc. v. Department of Revenue* (1973), 12 Ill. App. 3d 725, 298 N.E.2d 789.) In this case, the findings of the Department are clearly supported by the evidence in the record.

For the foregoing reasons the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

DIERINGER, P. J., and LINN, J., concur.