**James L. EVANS, on behalf of himself and all others similarly situated, Appellants-Plaintiffs,**

**v.**

**Wayne A. STANTON, Indiana Department of Public Welfare, Elizabeth Samkowski, Marion County Department of Public Welfare, Appellees-Defendants.**

No. 1–1080A282.

Court of Appeals of Indiana, First District.

April 21, 1981.

Scott R. Severns, Dennis W. Lopes, Legal Services Organization of Indiana, Inc., Indianapolis, for appellants-plaintiffs.

Linley E. Pearson, Atty. Gen. of Indiana, Janis L. Summers, Gordon F. White, Deputy Attys. Gen., Indianapolis, for appellees-defendants.

Eugene M. Fife, II, Marion County Dept. of Public Welfare, Indianapolis, for appellee Samkowski.

ROBERTSON, Judge.

Evans appeals the dismissal of his complaint against the Indiana Department of Public Welfare (State Department) and the Marion County Department of Public Welfare (County Department). The complaint resulted from the termination of Evans's Medicaid benefits, without a pretermination hearing because of his failure to file a timely request for an appeal. The complaint sought damages for medical expenses incurred during the suspension of benefits, and for the denial of due process, as well as declaratory and injunctive relief directed at the welfare departments' ten [10] day time limitation for filing an appeal prior to the termination of benefits. The complaint also sought reinstatement of Evans's benefits, attorney's fees, and certification of the action as a class action. The trial court dismissed the complaint on the grounds that no case or controversy was presented due to mootness.

Evans' is a blind, low income person who was eligible for Medicaid benefits due to his visual impairment. On April 5, 1978, the County Department mailed notice to Evans that his benefits would be terminated on May 1, 1978 because he was no longer visually eligible. Evans signed the form necessary to request a pretermination appeal and mailed it to the County Department. The County Department's records show the request was received on April 18, 1978, although there is no record of the postmark date on the request. The County Department applied what it understood to be the proper rule, as specified by the State Department, limiting a recipient's time to file an appeal and did not grant Evans a pretermination hearing. The rule required that a recipient file a request for an appeal within ten days after the date on which the notice of termination was mailed to him. This was interpreted to mean that the request had to be received by the Marion County Welfare Department within ten calendar days from the original date notice was mailed. In Evans's case, that date was April 15, 1978, three days prior to the date on which the request was received. Evans's benefits were terminated on May 1, 1978.

Evans was granted a post-termination hearing to review his eligibility on June 13, 1978. He requested that his Medicaid benefits be reinstated pending the hearing officer's determination of his appeal. This request was denied. On July 20, 1978, the hearing officer determined Evans was eligible for Medicaid benefits and reinstated his benefits retroactively to May 1, 1978.

While the post-termination appeal was pending, Evans filed a complaint against the County Department and the State Department, as well as their directors, which ultimately resulted in this appeal. The complaint alleged that the ten day time limit for filing an appeal applied by the Marion County Welfare Department, violated provisions of the Social Security Act, 42 U.S.C. § 1396 et seq., and regulations issued pursuant to the act, governing the administration of Medicaid benefits, as well as the due process requirements of the Constitution, which require a pretermination hearing before benefits may be discontinued. The complaint also alleged that the Ind. Rules of Procedure, Trial Rule 6, particularly sections (A) and (E) pertaining to the computation of days and service by mail, are applicable to Medicaid appeals and were violated by the welfare departments' rule.

The complaint sought declaratory and injunctive relief to require the welfare departments to apply what Evans believes to be the proper procedure for appeals. The complaint sought the reinstatement of Evans's Medicaid benefits. The complaint also sought damages of $40.00 for medical expenses Evans incurred while his Medicaid benefits were suspended and $1,000.00 for denial of due process as well as attorney's fees. The complaint was styled as a class action.

Evans filed a separate motion to have the action certified as a class action on April 13, 1979. On September 14, 1979, Staton filed a motion to dismiss on the grounds the cause was moot. On October 3, 1979, Evans filed motions for partial summary judgment for declaratory and injunctive relief against the welfare departments' appeal

procedures. The trial court dismissed Evans's complaint on May 5, 1980 on the grounds the cause was moot and denied Evans's various motions.

The following issues are before us on appeal: (1) Is the State Department's contention that Evans's claim is not subject to our review because he failed to exhaust his administrative remedies prior to filing his claim correct?; (2) Is Evans's cause of action moot because no case or controversy exists?; (3) Does the State Department's termination policy violate Federal Medicaid regulations and must T.R. 6 be applied to the appeal procedure?

We agree with the State Department's argument that Evans should have exhausted his administrative remedies before seeking judicial review of his case. Therefore, the trial court's dismissal of Evans's complaint was proper. Because of this dispositive conclusion, we will only address the exhaustion issue.

■ A complainant is ordinarily required to exhaust his administrative remedies prior to seeking judicial review of a claim. *Indiana Dept. of Welfare v. Stagner*, (1980) Ind.App., 410 N.E.2d 1348; *Reidenbach v. Board of School Trustees, etc.*, (1980) Ind. App., 398 N.E.2d 1372. There are however, exceptions to this general rule. As Judge Young stated in *Indiana Department of Welfare v. Stagner, supra*, the relevant factors in determining whether a plaintiff will be allowed to bypass administrative procedures are:

> [T]he character of the question presented and the competency of the administrative agency to answer that question; the avoidance of premature interruption of the administrative process in recognition of the interest of the agency in developing a factual record upon which to exercise its discretion and apply its expertise without the threat of litigious interference; the interest in permitting an agency to correct its own errors, a process by which unnecessary judicial proceedings are obviated; and the avoidance of deliberate or frequent flouting of established administrative processes. Balanced

against these considerations is the extent or imminence of harm to Stagner if required to pursue administrative remedies. 410 N.E.2d at 1351.

■ Evans relies on *Wilson v. Bd. of Indiana Employment Sec. Div.*, (1979) Ind., 385 N.E.2d 438, a situation where our supreme court was willing to reach the merits of the case because Wilson's claim, challenging the termination of her unemployment benefits without a pretermination hearing, was primarily of a constitutional character. However, in *Wilson*, the same criteria which Judge Young refers to in *Indiana Department of Welfare v. Stagner* were enumerated and the case does *not* stand for the proposition that any time a constitutional issue is raised, a plaintiff may bypass administrative procedures.

■ After examining the appropriate factors, we are convinced the trial court properly dismissed Evans's complaint. Unlike Wilson, when Evans initiated this action his constitutional claims were accompanied by factual issues regarding his continued eligibility. Evans turned to the courts before his eligibility was resolved. Additionally, there were expedient administrative procedures available to Evans, see 470 IAC 9–7–3 (1979) providing for review of the County Department's decision by the State Department, by the State Board of Public Welfare, and ultimately the appropriate local court pursuant to the Administrative Adjudication Act, *Ind.Code* 4–22–1– 14. *See also Warram v. Stanton* (1981) Ind.App., 415 N.E.2d 114.

Also, the challenged regulations in 470 IAC 9–7–3 are closely modeled on detailed federal regulations which it is the State Department's duty to administer. We think it is appropriate to defer to the State Department's expertise and to give it the opportunity to resolve any problems before we intervene.

For these reasons, and applying the rule that we may affirm a trial court's decision on any applicable legal theory, *Berrey v.*

*Jean,* (1980) Ind.App., 401 N.E.2d 102, we affirm the dismissal of Evans's complaint.

Judgment affirmed.

NEAL, P. J. and YOUNG, P. J. (sitting by designation), concur.