**R. Powell FELIX, Individually and on behalf of all others similarly situated, Plaintiff-Appellant,**

**v.**

**INDIANA DEPARTMENT OF STATE REVENUE, et al., Defendants-Appellees.**

**No. 41A01–8601–CV–9.**

Court of Appeals of Indiana, First District.

Dec. 30, 1986.

Richard A. Allen, Zuckert, Scoutt, Rasenberger & Johnson, Washington, D.C., James E. Hughes, Sommer & Barnard, Indianapolis, for plaintiff-appellant.

Lee B. McTurnan, Michael B. Cracraft, Vicki L. Anderson, Smith Morgan & Ryan, Dan S. La Rue, Deputy Atty. Gen., Indianapolis, for defendants-appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

R. Powell Felix appeals the trial court's dismissal of his suit for lack of subject matter jurisdiction. We affirm.

## FACTS

On December 24, 1984, R. Powell Felix filed suit against the Indiana Department of Revenue (Department), the Indiana Revenue Board (Board), and various people in their official capacities. Felix alleged that the Indiana Intangible Tax Act of 1933, codified at Indiana Code section 6–5.1–1–1, *et seq.*, violated the constitutions of the United States and Indiana. Felix claimed that he was subject to the tax as the result of his ownership of shares in a non-Indiana money market fund. Felix claimed that since the Intangible Tax Act applies only to the ownership of the intangibles of out-of-state corporations and financial institutions and exempts the intangibles of Indiana entities, it discriminates facially against out-of-state entities and their instruments as well as the owners thereof and thus violates the Commerce Clause of the United States Constitution, art. I, § 8, cl. 3 and the Indiana Constitution, art. X, § 1. In the complaint, Felix sought refunds of the tax paid by himself as well as other similarly situated persons who are subject to the tax. Felix also sought injunctive relief.

On April 15, 1985, Felix filed his state income tax return for 1984. Along with his income tax, he paid an intangibles tax for 1984 in the amount of $13.03. At the same time, he filed an amended 1983 return to reflect an intangibles tax obligation from 1983 in the amount of $7.87. Felix apparently had failed to realize that he owed an intangibles tax for 1983 until 1985.

On May 3, 1985, the Department filed a motion to dismiss for lack of subject matter jurisdiction and lack of standing. On June 3, 1985, Felix submitted for the first time a claim for refund with the Department. On August 9, 1985, the trial court dismissed Felix's complaint without prejudice. The trial court's dismissal was based upon lack of subject matter jurisdiction since Felix had failed to exhaust administrative remedies and lack of standing since Felix had not paid any intangibles tax at the time he filed suit. Because of the dismissal, the trial court never ruled on Felix's motion to certify a proposed class or his motion for a preliminary injunction.

After dismissal, Felix filed another action on March 25, 1986, challenging the intangibles tax. That case is pending in the Marion Superior Court.

## ISSUE

Although the appellant presents two issues for review, the following is dispositive:

Whether a person challenging a state tax provision must exhaust the prescribed administrative remedies by filing a claim for refund with the Indiana Department of Revenue and awaiting the agency's decision before seeking a judicial determination of the facial constitutionality of the tax.

## DISCUSSION AND DECISION

The Indiana legislature has prescribed a procedure for obtaining a refund for taxes paid. Indiana Code section 6-8.1-9-1(a) provides that, for the intangibles tax, a person must file a claim for refund with the Department within three years after the return's due date or the date of payment, whichever is later. Ind. Code § 6-8.- 1-9-1(b) requires the Department to issue a decision on the claim. Ind. Code § 6-8.1- 9-1(c) in pertinent part provides as follows:

"(c) If the person disagrees with any part of the department's decision, he may appeal the decision, regardless of whether or not he protested the tax payment or whether or not he has accepted a refund. The person must file the appeal with the circuit or superior court of the county in which he resides or in which he has his primary business location.... However, no court has the jurisdiction to hear a refund appeal suit, if:

. . . .

"(3) The appeal is filed both before the decision is issued and before the one hundred eighty-first day after the date the person files the claim for refund with the department."

Ind.Code § 6-8.1-9-1(d) in pertinent part provides as follows:

"(d) The court shall hear the appeal de novo and without a jury, and after the hearing may order or deny any part of the appealed refund.... The court may not enjoin, restrain, or delay the collection of any of the listed taxes, regardless of the facts or legal theory on which the suit requesting that relief is brought. The only relief that a court may grant is to allow a refund of taxes, interest, and penalties that have been paid to and collected by the department."

Indiana courts uniformly have interpreted this refund statute and its predecessor as a taxpayer's exclusive remedy when contesting the legality of a tax. *E.g., State ex rel. Indiana Department of Revenue v. Marion Circuit Court* (1970), 255 Ind. 501, 504, 265 N.E.2d 241, 243; *Indiana Department of Revenue v. Meadowood I.U. Retirement Community* (1981), Ind.App., 425 N.E.2d 721, 723. Therefore, unless a taxpayer pays the tax and files a claim for refund, Indiana courts have no subject matter jurisdiction. *Id.* Federal courts similarly have interpreted the Internal Revenue Service refund provisions embodied at 26 U.S.C. § 7422(a). *E.g., United States v. Felt and Tarrant Manufacturing Co.*

(1931), 283 U.S. 269, 51 S.Ct. 376, 75 L.Ed. 1025; *Altman v. Connally* (2d Cir.1972), 456 F.2d 1114.

Felix alleges that he is not subject to the refund procedure since his claim concerns the constitutionality of the intangibles tax statute. In other words, Felix wants to avoid application of the doctrine of exhaustion of administrative remedies. Felix claims that the exhaustion requirement is inapplicable since pursuing the refund procedure would be futile and the administrative remedy would be ineffective. *See Gibson v. Berryhill* (1973), 411 U.S. 564, 575, 93 S.Ct. 1689, 1696, 36 L.Ed.2d 488, 498 n. 14; *Scott County Federation of Teachers v. Scott County School Dist. No. 2 Classroom Teachers Association* (1986), Ind. App., 496 N.E.2d 610, 613–14. Felix claims that since an administrative agency is powerless to nullify a statute as unconstitutional, *Johnson v. Robison* (1974), 415 U.S. 361, 368, 94 S.Ct. 1160, 1166, 39 L.Ed.2d 389, 398, and since the Department cannot disregard its enabling statute, *see Indiana Department of Revenue v. Colpaert Realty Corp.* (1952), 231 Ind. 463, 479–80, 109 N.E.2d 415, 422–23, he should not be compelled to follow the refund procedure.

Felix further relies upon *Wilson v. Review Board of Indiana Employment Security Division* (1979), 270 Ind. 302, 385 N.E.2d 438, *cert. denied*, 444 U.S. 874, 100 S.Ct. 155, 62 L.Ed.2d 101. In that case, the plaintiff challenged the constitutionality of the procedures used by the Division in suspending and terminating benefits. After stating the general requirement of exhaustion and enumerating some of the factors to be balanced in deciding whether exhaustion is required, the supreme court held as follows:

"In the present case, the question presented is of constitutional character. With all due respect, we think that the resolution of such a purely legal issue is beyond the expertise of the Division's administrative channels and is thus a subject more appropriate for judicial consideration.

"In sum, we hold that given the constitutional character of the issue presented by Wilson's complaint, it was not necessary for her to press the issue through administrative channels as a precondition to judicial review."

*Id.* at 305, 385 N.E.2d at 441.

Our court has interpreted narrowly the *Wilson* holding. In *Indiana State Department of Welfare v. Stagner* (1980), Ind. App., 410 N.E.2d 1348, 1353, Judge Young speaking for the court opined as follows:

"[W]e do not construe *Wilson* as holding that any time a constitutional issue is raised, established administrative procedures may be bypassed. To do so would be to permit circumvention of administrative processes by the mere allegation of a constitutional deprivation."

Similarly, in *Evans v. Stanton* (1981), Ind. App., 419 N.E.2d 253, 255, Judge Robertson held that *Wilson* "does *not* stand for the proposition that any time a constitutional issue is raised, a plaintiff may bypass administrative procedures." (Emphasis in original).

We agree with *Evans* and *Stagner* that *Wilson* should be applied narrowly, especially in challenges to tax statutes. We find persuasive support in *Clark v. Lee* (1980), 273 Ind. 572, 406 N.E.2d 646. In that case, the plaintiff challenged the facial constitutionality of Indiana's occupation income tax, claiming that it discriminated against non-residents. In addressing the issue of exhaustion, the supreme court held that "the named plaintiffs personally satisfied the jurisdictional requirements of the statute by exhausting their administrative remedies before bringing their action. In so doing they afforded the state government the opportunity of reckoning with their claim." *Id.* at 575, 406 N.E.2d at 649. Despite the suit's predication upon the facial invalidity of the tax statute, the supreme court noted with approval the plaintiff's exhaustion of administrative remedies.

We are compelled to follow *Clark* and hold that Felix was still required to go through the refund procedure despite the constitutional nature of his suit. Even

though there is authority supporting the proposition that exhaustion is not required when questioning the facial constitutionality of a statute as opposed to a constitutional challenge to an agency's application of a statute, *e.g., Moore v. City of East Cleveland, Ohio* (1977), 431 U.S. 494, 497, 97 S.Ct. 1932, 1934, 52 L.Ed.2d 531, 535 n. 5,[1] these cases involve administrative law generally. We choose not to follow this approach for tax cases in light of *Clark.* To hold otherwise would disregard the plain holding of our state's highest court. This we refuse to do. There is also support in other jurisdictions that exhaustion still is required in constitutional challenges to tax statutes. *Gorham Manufacturing Co. v. State Tax Commission* (1924), 266 U.S. 265, 45 S.Ct. 80, 69 L.Ed. 279; *W.F. Monroe Cigar Co. v. Department of Revenue* (1977), 50 Ill.App.3d 161, 8 Ill.Dec. 336, 365 N.E.2d 574. *See also* 14 *Mertens Law of Federal Income Taxation* § 58A.06; 72 Am.Jur.2d *State and Local Taxation* § 1064 (1974).

Furthermore, to permit a plaintiff to disregard the administrative process would disrupt seriously the prompt and orderly collection of taxes in our state. Also, as another court noted, the "absolute and indispensable prerequisite" of filing a claim for refund "serves to advise the appropriate internal revenue officials of the claims intended to be asserted by the taxpayer, so as to insure an orderly administration of the revenue." *McConnell v. United States* (E.D.Tenn.1969), 295 F.Supp. 605, 606. Finally, the requirement of filing a claim for refund even for a constitutional challenge will afford the Department the opportunity to resolve the matter on nonconstitutional grounds. *See Christian v. New York State Department of Labor* (1974), 414 U.S. 614, 622–24, 94 S.Ct. 747, 751–52, 39 L.Ed.2d 38, 45–47. For example, the Department may determine in an audit that Felix's claimed refund is inappropriate for other reasons or that is allowable under other tax provisions. *Weinberger v. Salfi* (1975), 422 U.S. 749, 762, 95 S.Ct. 2457, 2465, 45 L.Ed.2d 522, 537. Therefore, we hold that the trial court properly dismissed for lack of subject matter jurisdiction since Felix did not follow the refund procedures.[2]

Judgment affirmed.

ROBERTSON, P.J., and NEAL, J., concur.

---

1. *See also* B. Schwartz, *Administrative Law* 692–93 (2d ed. 1983).

2. Since we affirm the trial court's dismissal, we need not address the issue of Felix's lack of standing.