David W. BUCKER, Petitioner,

v.

**INDIANA DEPARTMENT OF STATE REVENUE, Respondent.**

No. 49T10–0211–TA–128.

Tax Court of Indiana.

March 4, 2004.

David W. Bucker, Camby, IN, Petitioner Appearing Pro Se.

Steve Carter, Attorney General of Indiana, John Snethen, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

## ORDER ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

FISHER, J.

David W. Bucker (Bucker) challenges the final determination of the Indiana Department of State Revenue (Department) denying his claim for refund of adjusted gross income tax for the 2001 tax year. The matter is currently before this Court on the Department's motion for summary judgment, in which it raises the following issue: whether Bucker's wages are subject to Indiana's adjusted gross income tax. For the following reasons, the Court GRANTS the Department's motion.

### FACTS AND PROCEDURAL HISTORY

The material facts as they relate to this case are undisputed. Bucker, an Indiana resident, received a Form W–2 "Wage and Tax Statement 2001" from his employer, Banc One Management Corporation, indicating $31,766.89 in wages. When he subsequently filed his individual state income tax return for the 2001 tax year, however, Bucker declared zero income and requested a refund in the amount of $1,353.82 to recover state and county taxes withheld by Banc One. (*See* Resp't Designation of Evidence at 23–26.)

On August 9, 2002, the Department denied the refund claim. On November 1, 2002, Bucker initiated an original tax appeal. On June 30, 2003, the Department filed a motion for summary judgment. This Court held a hearing on the Department's motion on November 17, 2003. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

A motion for summary judgment will be granted only when there is no genuine issue of material fact, and a party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). If no genuine issue of material fact exists, either the movant or the non-movant may be granted summary judgment. *Ziegler v. Indiana Dep't of State Revenue*, 797 N.E.2d 881, 884 (Ind. Tax Ct.2003) (citation and quotation marks omitted).

### Discussion

In Indiana, individuals pay a tax on their adjusted gross income. *See* IND. CODE ANN. § 6–3–1 through 6–3–7 (West 2000). "Adjusted gross income" is, "in the case of an individual, gross income minus ... [certain] deductions[.]" *See* A.I.C. § 6–3–1–3.5; *see also* 26 U.S.C. § 62 (2001). In turn, "gross income" is defined as "all income from whatever source derived, including (but not limited to) ... [c]ompensation for services[.]" *See* A.I.C. § 6–3–1–8; *see also* 26 U.S.C. § 61(a)(1) (2001). *See generally Snyder v. Indiana Dep't of State Revenue*, 723 N.E.2d 487, 491 (Ind. Tax Ct.2000) (finding that wages are income for purposes of Indiana's adjusted gross income tax), *review denied.*

Bucker insists, however, that he "did not have any gross income, as [ ]he did not have any remuneration paid to him from any of the specific U.S. sources per 26 CFR § 1.861–8(f)(1) and ... 26 CFR § 1.861–8T(d)(2)(iii)[.]" (Resp't Designation of Evidence at 27.) Generally, section 1.861 contains rules for determining the taxability of income derived from sources both within and without the United States. *See* 26 CFR § 1.861, *et seq.* (2001). The provision Bucker cites, section 1.861–8, "provides ... for the allocation and apportionment of deductions between statutory groupings of gross income for the purposes of calculating taxable income for nonresident aliens and foreign corporations." *See United States v. Bell*, 238 F.Supp.2d 696, 701 (M.D.Pa.2003). *See also* 26 CFR § 1.861–8(f)(1)(iv). Bucker claims that because the source of his income is not listed in section 1.861, it does not constitute "gross income" and, therefore, is not taxable. (*See* Oral Argument Tr. at 11–14.)

Bucker's argument is commonly referred to as the "Section 861 argument" or the "U.S. Sources argument." *See Bell*, 238 F.Supp.2d at 699. Courts have uniformly rejected these arguments. *Id.* at 701. Indeed:

> [The] argument that wages are not income has been unequivocally rejected by *every* court which has ever considered the issue.
>
> * * *
>
> [R]ecent United States Tax Court cases hold that taxpayers alleging that only foreign source income (IRC 861(b) and Treasury Reg[.] 1.861–8(f)) is taxable are making frivolous arguments.

*Raby v. Dep't of Revenue*, No. TC–MD 021028D, 2003 WL 21241349 at 1 (Or. T.C. 2003) (citations and internal quotation marks omitted) (emphasis added).

While this Court is not obligated to adhere to the holdings of other tax courts, their interpretations of the "section 861 argument" are persuasive in this matter. In *Takaba v. Commissioner of Internal*

*Revenue,* the United States Tax Court stated that the "section 861 argument" must fail because it

> takes section 1.861–8(f) ... out of context. The rules of sections 861–865 have significance in determining whether income is considered from sources within or without the United States. The source rules do not exclude from U.S. taxation income earned by U.S. citizens from sources within the United States.

*Takaba v. Comm'r,* 119 T.C. 285, 295, 2002 WL 31818000 (U.S.Tax Ct.2002) (quotations omitted) (internal citations omitted). This Court agrees.

## CONCLUSION

Therefore, the Court GRANTS the Department's motion for summary judgment.

SO ORDERED this 4th day of March 2004.