John David HARRISON and Jennifer
A. Harrison, Petitioners,

v.

INDIANA DEPARTMENT OF STATE
REVENUE and John Eckart,
Commissioner,[1] Respondents.

No. 49T10–0409–TA–44.

Tax Court of Indiana.

Nov. 19, 2007.

Andrew C. Maternowski, Attorney at
Law, Indianapolis, IN, Attorney for Peti-
tioners.

Steve Carter, Attorney General of
Indiana, Andrew W. Swain, Chief Counsel,
Tax Section, Matthew R. Nicholson, Depu-
ty Attorney General, Indianapolis, IN, At-
torneys for Respondents.

1. Pursuant to Ind. Trial Rule 25(F), the Court
hereby removes Kenneth L. Miller from the
caption of this matter and substitutes John
Eckart as Commissioner of the Indiana De-
partment of State Revenue. *See* Ind. Trial
Rule 25(F).

## ORDER ON PARTIES' CROSS–MOTIONS FOR SUMMARY JUDGMENT

FISHER, J.

John David Harrison and Jennifer A. Harrison (the Harrisons) appeal the final determination of the Indiana Department of State Revenue (Department) assessing them with the controlled substance excise tax (CSET). The matter is before the Court on the parties' cross-motions for summary judgment. The issue for the Court to decide is whether the Department's CSET assessment against the Harrisons was improper.

## FACTS AND PROCEDURAL HISTORY

On December 26, 2000, the Harrisons were arrested after law enforcement officers, who were executing a search warrant, seized marijuana and related paraphernalia from their residence. The Harrisons were charged with possession of marijuana with intent to deliver[2] and reckless possession of paraphernalia.[3] In addition, Mr. Harrison was charged with maintaining a common nuisance.[4]

On June 27, 2003, Mrs. Harrison entered into a pretrial diversion agreement, whereby she agreed, *inter alia*, to commit no criminal offenses for one year, to submit to random drug screens, and to pay a total diversion fee of $170.00. In exchange, the State agreed to suspend pursuit of the criminal charges and ultimately dismiss those charges if she complied with the terms of their agreement. On July 1, 2004, the criminal charges against Mrs. Harrison were dismissed.

Mr. Harrison also entered into a plea agreement with the State on June 27, 2003, in which he pled guilty to maintaining a common nuisance, a Class D Felony. In exchange, the State agreed, *inter alia*, to dismiss the other criminal charges and recommend that he receive a $200.00 fine, a three-year suspended sentence, and a reduction of his felony conviction to a misdemeanor once he successfully completed probation. On August 14, 2003, after conducting a hearing, the circuit court accepted Mr. Harrison's guilty plea and imposed a sentence consistent with the plea agreement.

On or about March 22, 2004, and subsequent to a Fayette County prosecutor's written notification regarding the Harrisons's plea agreements, the Department assessed the CSET against the Harrisons in the amount of $48,912.33.[5] The Department then levied on the Harrisons's "[c]hecking and/or [s]avings [a]ccounts, [c]ontents of [s]afety [d]eposit [b]ox(es), [m]oney [m]arket [a]ccounts, [c]ertificate(s) of [d]eposit, [and] any other evidence of indebtedness" for payment of the tax.[6] (*See* Designation of Evidence Ex. C at 2 (footnote added)). The Harrisons subsequently protested the assessment, but the Department denied their protest.

On September 24, 2004, the Harrisons filed an original tax appeal. On July 18,

---

2. IND.CODE ANN. § 35–48–4–10(a)(2)(C), (b)(2) (West 2001).

3. IND.CODE ANN. § 35–48–4–8.3(c) (West 2001).

4. IND.CODE ANN. § 35–48–4–13(b) (West 2001).

5. The tax of $23,253.75 was based on 6,472.5 grams of marijuana and 30 Schedule IV tablets. (*See* Designation of Evidence Ex. R.)

Additionally, the assessment included interest of $76.45, a 100% penalty of $23,253.75, a collection fee of $2,325.38, and a clerk cost of $3.00. (*See* Designation of Evidence Ex. I at 3.)

6. As a result, the Department collected $1,501.75. (*See* Designation of Evidence Ex. C at 1, 3–4.)

2007, both the Harrisons and the Department filed motions for summary judgment.[7] On October 22, 2007, the Court held a hearing on the parties' motions. Additional facts will be supplied as necessary.

## STANDARD OF REVIEW

This Court reviews final determinations of the Department *de novo* and is bound by neither the evidence nor the issues presented at the administrative level. IND. CODE ANN. § 6–8.1–5–1(i) (West 2007). Summary judgment is proper only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Cross-motions for summary judgment do not alter this standard. *Ziegler v. Indiana Dep't of State Revenue*, 797 N.E.2d 881, 884 (Ind. Tax Ct.2003) (citation omitted).

## ANALYSIS AND OPINION

■ In their motion for summary judgment, the Harrisons argued that equity precluded their CSET assessment as the State's pursuit of separate criminal prosecutions and CSET proceedings is tantamount to "slapp[ing someone] twice for spilling the milk once." (*See* Oral Argument Tr. at 23.) More specifically, the Harrisons explain that because a CSET assessment constitutes a criminal offense and punishment for double jeopardy purposes, Indiana's joinder and successive prosecution statutes (i.e., Indiana Code

§§ 35–34–1–10(a)–(c) and 35–41–4–4) apply to CSET proceedings. (*See* Petrs' Mot. for Summ. J. at 3.)

■ In support of their claim, the Harrisons explain that Indiana's joinder and successive prosecution statutes provide protections similar to the Double Jeopardy Clause: they prevent "the State [from] piecemeal prosecut[ing] a[n individual by] ... requir[ing] the State to lay all of [its] cards on the table at once and ... prosecute someone, [if it is going to] prosecute them."[8] (*See* Oral Argument Tr. at 6–8 (footnote added).) The Harrisons contend that because their criminal charges and their CSET assessment "constituted a series of acts connected together and/or constitute[d] part[s] of a single scheme or plan[,]" the tax collection proceeding and their criminal prosecutions "could[and] should[ ] have be[en] joined ... for prosecution in a single case[.]" (*See* Petrs' Mot. for Summ. J. at 4.) Therefore, the Harrisons maintain that their CSET assessment is barred because those proceedings were initiated subsequent to their criminal prosecutions. (*See* Petrs' Mot. for Summ. J. at 4; Oral Argument Tr. at 8–10.) The Court, however, must disagree.

■■ "Criminal statutes cannot be enlarged by construction, implication, or intendment beyond the fair meaning of the language used." *Herron v. State*, 729 N.E.2d 1008, 1010 (Ind.Ct.App.2000) (*trans.denied)* (citation omitted). Indiana Code § 35–34–1–10 provides in relevant part that "[a] defendant who has been

---

**7.** In their summary judgment motion, the Harrisons claimed that the CSET assessment violated the Double Jeopardy Clause. (*See* Petrs' Mot. for Summ. J. at 3.) The Department asserted that there was no double jeopardy violation. (*See* Respts' Mot. for Summ J ¶ 3.) The Harrisons subsequently conceded the issue. (*See* Petrs' Reply to [Respts'] Mot. for Summ. J. ¶ 1.) Therefore, the Court will not discuss the issue further.

**8.** The Double Jeopardy Clause "protects a person from suffering (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction[,] and (3) multiple punishments for the same offense." *Bryant v. State*, 660 N.E.2d 290, 295 (Ind.1995) (*cert.denied* ) (citation omitted).

tried for one (1) offense may thereafter move to dismiss an indictment or information for an offense which could have been joined for trial with the prior offenses under section 9 of this chapter."[9] IND.CODE ANN. § 35–34–1–10(c) (West 2001) (footnote added). Indiana Code § 35–41–4–4 provides in relevant part that:

[a] prosecution is barred if all of the following exist:

(1) There was a former prosecution of the defendant for a different offense or for the same offense based on different facts.

(2) The former prosecution resulted in an acquittal or a conviction of the defendant or in an improper termination under section 3 of this chapter.

(3) The instant prosecution is for an offense with which the defendant should have been charged in the former prosecution.

IND.CODE ANN. § 35–41–4–4(a) (West 2001). For purposes of these statutes an " 'offense' means a crime." *See* IND.CODE ANN. § 35–41–1–19 (West 2001). *See also* IND. CODE ANN. § 35–41–1–3 (West 2001) (stating that "[t]he definitions in this chapter apply throughout this title and to all other statutes relating to penal offenses"). "It is a well-settled rule in Indiana that all crimes are statutory." *Herron,* 729 N.E.2d at 1011 (citation omitted). Consequently, an individual's conduct, no matter how objectionable, will not constitute a crime "unless the General Assembly has exercised its authority to define it as such." *Id.*

The General Assembly, however, has not exercised such authority with respect to the CSET. In fact, the General Assembly's 1996 amendment of Indiana Code § 6–7–3–11 clearly expresses the contrary. *See* 1996 Ind. Acts 1579, 1580–81 (deleting subsection (b) which stated that "[a] person who knowingly or intentionally delivers, possesses, or manufactures a controlled substance without having paid the tax due commits a Class D felony"). Moreover, several provisions of Indiana Code § 6–7–3–1 *et seq.* indicate that the CSET is not a statutory criminal offense. For instance, imposition of the tax requires neither an arrest nor a criminal conviction. *See* IND. CODE ANN. §§ 6–7–3–5, –8 (West 2001). In addition, payment of the tax neither legalizes the underlying activity nor shields the payor from criminal prosecution. *See* IND. CODE ANN. §§ 6–7–3–9, –10 (West 2001). Finally, the CSET is "intended to be in addition to any criminal penalties [imposed] under IC 35–48–4[.]" *See* IND.CODE ANN. § 6–7–3–20 (West 2001).

■ The CSET is primarily civil in nature—as it arises from the State's power to tax, which is less coercive than its power to regulate. *See State Dep't of Revenue v. Adams,* 762 N.E.2d 728, 732 (Ind.2002) (cert.denied). In other words, "the CSET is part of the State's power of the purse, not its power of the sword[.]" *Id.* at 732–33. Consequently, the Court concludes that Indiana's joinder and successive prosecution statutes do not apply to CSET proceedings.

## CONCLUSION

For the above stated reasons, the Harrisons's motion for summary judgment is

---

9. Indiana Code § 35–34–1–9 provides that "[t]wo (2) or more offenses may be joined in the same indictment or information, with each offense stated in a separate count when the offenses ... are based on the same conduct or a series of acts connected together or constituting parts of a single scheme or plan." *See* IND.CODE ANN. § 35–34–1–9(a)(2) (West 2001).

DENIED. Summary judgment is GRANTED in favor of the Department.[10]

10. *See supra* note 7.